# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TIMOTHY R. SINGLETON,** | ) |
| Petitioner, | ) |
| v. | ) NO. 3:17-cv-01398 |
| | ) CHIEF JUDGE CRENSHAW |
| **GRADY PERRY,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Timothy R. Singleton filed this habeas corpus action under 28 U.S.C. §2254 on October 23, 2017, while incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee. (Doc. No. 1.) On January 4, 2018, after being directed to respond to the petition, Respondent filed his Motion to Dismiss Petition for Writ of Habeas Corpus ("the Motion") (Doc. No. 11) on grounds that the petition is time-barred. Petitioner requested and received two extensions of time in which to respond to the Motion (Doc. Nos. 14, 16), but the extended deadline of June 18, 2018 passed without the filing of his response.[1] The unopposed Motion is now before the Court for disposition. For the reasons that follow, and by Order entered contemporaneously herewith, the Motion will be **GRANTED** and this action will be **DISMISSED**.

---

[1] It appears that Petitioner has been released on parole. See Tennessee Felony Offender Information, https://apps.tn.gov/foil-app/results.jsp (last visited August 21, 2018).

I.  **Procedural History**

On August 15, 2013, the Davidson County Criminal Court entered judgment on Petitioner's guilty plea to the offense of aggravated robbery. (Doc. No. 10-1 at 150.) He received an eight-year sentence to be served at 85% release eligibility, with credit for time served in jail prior to trial. (Id.)

Petitioner filed a pro se petition for post-conviction relief in state court on April 22, 2014. (Id. at 155–62.) The post-conviction court appointed counsel for Petitioner and held an evidentiary hearing on Petitioner's amended petition, which asserted the ineffective assistance of trial counsel and challenged whether Petitioner's guilty plea was entered knowingly and voluntarily. (Id. at 168–73.) Following the evidentiary hearing, the court denied post-conviction relief to Petitioner in a decision dated November 6, 2015. (Id. at 177–91.)

Petitioner filed a timely notice of appeal. On October 17, 2016, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Singleton v. State, No. M2015-02319-CCA-R3-PC, 2016 WL 6069231 (Tenn. Crim. App. Oct. 17, 2016). Petitioner's application for permission to appeal to the Tennessee Supreme Court was denied on January 19, 2017. (Doc. No. 10-10.)

Petitioner's federal habeas petition was received in this Court on October 23, 2017. (Doc. No. 1.) However, as Respondent notes, the petition was verified and notarized on August 11, 2017 (id. at 26), and the exhibits to the petition contain notary seals and certificates of service bearing that date. (Id. at 34–35, 38–39.) Respondent filed the instant motion on January 4, 2018, contending that the petition is untimely even if it is deemed filed on August 11, 2017.

## II. Analysis

### A. Timeliness of the Petition

Petitions under § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1); Holland v. Florida, 560 U.S. 631, 635 (2010). In most cases, including the case at bar, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). In Tennessee, "a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry," so that a defendant who waives his right to appeal may file a motion to withdraw the previously entered plea if circumstances warrant. State v. Green, 106 S. W. 3d 646, 650 (Tenn. 2003). Petitioner did not seek to withdraw his guilty plea, so his conviction became final thirty days after the August 15, 2013 entry of judgment against him. Because September 14, 2013 (the thirtieth day following August 15, 2013) was a Saturday, the thirty-day "period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C); see Bellomy-Gunn v. Lester, No. 3:13-0803, 2014 WL 2642255, at *3 n.5 (M.D. Tenn. June 13, 2014) (applying Rule 6(a)(1)(C) in same context). Therefore, Petitioner's judgment of conviction became final on September 16, 2013.

The one-year statute of limitations thus began to run nearly five years ago. However, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitation period. 28 U.S.C. § 2244(d)(2). Petitioner filed his pro se state post-conviction petition on April 22, 2014,[2] which was 218 days

---

[2] The post-conviction petition was received by the state court on April 25, 2014, but was noted to have been given to prison authorities for mailing on April 22, and was signed by Petitioner and notarized on that date. (Doc. No. 10-1 at 161–62.) A prisoner's pleadings are considered "filed" when he deposits them in the prison mail system to be forwarded to the Clerk of Court,

3

after his conviction became final. Respondent does not contest that the post-conviction petition was properly filed. Proceedings on that post-conviction petition were pending until January 19, 2017, when the Tennessee Supreme Court denied Petitioner's application for permission to appeal.[3] With the conclusion of state post-conviction proceedings, the running of the limitations period resumed, DiCenzi v. Rose, 452 F.3d 465, 468–69 (6th Cir. 2006), leaving Petitioner with 147 days (365 minus 218) from January 19, 2017 in which to file his federal habeas petition.

Under this calculus, the statute of limitations expired on June 15, 2017. The petition before this Court was not received in the Clerk's Office until October 23, 2017, and even though it is deemed filed on August 11, 2017 (the date that Petitioner signed it and presumably submitted it to prison authorities for mailing), it is nonetheless untimely by almost two months.

**B.    Equitable Tolling**

The expiration of the statutory limitations period does not act as a jurisdictional bar to habeas relief, but may be equitably tolled in appropriate cases. Holland, 560 U.S. at 645–49. However, it is Petitioner's burden to show that he is entitled to equitable tolling, Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002), a burden he may carry by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649; see also Stiltner v. Hart, 657 F. App'x 513, 520 (6th Cir. 2016). Petitioner has not carried this burden here.

---

presumably on the day the pleading is signed. Bellomy-Gunn, 2014 WL 2642255, at *2, 5 nn.3 & 7 (citing, e.g., Houston v. Lack, 487 U.S. 266, 270 (1988)).

[3]    Although Petitioner had ninety additional days in which to seek review in the U.S. Supreme Court, the limitations period is not tolled during this time because "[s]tate review ends when the state courts have finally resolved an application for state postconviction relief." Lawrence v. Florida, 549 U.S. 327, 332 (2007).

4

The Court first notes that although Petitioner pursued his state court remedies with reasonable diligence and was not egregiously late in filing his federal petition, he has not attempted to show his entitlement to equitable tolling, by filing a response to the pending motion to dismiss or otherwise.[4] Secondly, while mental incompetence may qualify as an "extraordinary circumstance" preventing timely filing, Stiltner, 657 F. App'x at 521 (citing Ata v. Scutt, 662 F.3d 736, 742 (6th Cir. 2011)), and though Petitioner has cited his diagnosed mental disorders as grounds for finding his guilty plea involuntary (Doc. No. 1 at 4; Doc. No. 10-1 at 156–57), there is no allegation of the petition or indication in the record before the Court that Petitioner's illness rendered him "mentally incompetent" and caused his failure to comply with the statute of limitations, as required to justify equitable tolling. Ata, 662 F.3d at 742. Indeed, Petitioner appears to concede that test results have shown that he is mentally competent, albeit functioning at a "level far lower than normal." (Doc. No. 1 at 4.) He does not allege any mental health crisis that rendered him "incapacitated for the period in question and . . . prevented him from timely filing his petition" before June 15, 2017. Ata, 662 F.3d at 743. Accordingly, the Court finds that equitable tolling is not warranted in this case.

Finally, Petitioner makes no claim of actual innocence of the charge of conviction, such that the Court could reach the merits of his petition despite its untimeliness. See McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (allowing that actual innocence can operate in rare cases as an

---

[4] Petitioner correctly argued in his petition (Doc. No. 1 at 6) that the period of *statutory* tolling while he pursued state post-conviction remedies should begin with the filing of his pro se post-conviction petition, rather than with appointed counsel's filing of an amended post-conviction petition ten months later. The petition otherwise asserts the ineffectiveness of post-conviction counsel, which Petitioner "found out about . . . long after the fact of the trial [court's] summarily dismissing/denial of relief" (id. at 7), but does not allege any extraordinary circumstance which kept him from timely filing his petition in this Court.

"equitable exception to § 2244(d)(1)," rather than grounds for tolling). The Court therefore declines to do so.

## III. Conclusion

In summary, the one-year statute of limitations expired almost two months before the instant petition was filed, and no grounds for tolling or other exception to the statutory bar have been demonstrated. Accordingly, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. 11) will be **GRANTED**, and this action will be **DISMISSED**.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE